UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 553 BROAD STREET LLC, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:14-CV-00896 (VAB) |
| | : | |
| CITY OF MERIDEN, | : | |
| | : | |
|     Defendant. | : | |

**RULING ON MOTION TO REMAND**

Plaintiff, 553 Broad Street LLC, moves to remand this case to state court under 28 U.S.C. § 1447(c), arguing that the case is not ripe for federal court adjudication and thus this Court lacks subject matter jurisdiction. In addition, under § 1447(c), plaintiff seeks attorney's fees and costs in connection with the removal of this action. For the following reasons, plaintiff's motion is granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff filed this action in Connecticut Superior Court, Judicial District of New Haven, on May 20, 2014. Two days later, plaintiff served defendant with a writ, summons, and complaint. On June 19, 2014, defendant removed the action to this Court by filing a Notice of Removal, asserting that this Court has jurisdiction over the action based on a federal question, specifically "an unlawful taking of real property in violation of the United States Constitution." Notice of Removal [Doc. No. 1] ¶ 2. Plaintiff filed the present motion to remand on July 24, 2014, to which defendant timely objected.

Plaintiff is the owner of a parcel of land located within the defendant municipality. Plaintiff has alleged that, about a century ago, defendant entered onto the land and constructed a drainage structure as part of an effort to bury and re-route Jordan Brook. Complaint ¶¶ 5, 8.

1

Plaintiff also has alleged that the drainage structures have failed at numerous locations, including on plaintiff's land, but defendant has not remediated, repaired, replaced, or otherwise fixed the drainage structure on plaintiff's land, and that the failure of the drainage structure has compromised the use of the property. Complaint ¶¶ 9-14. Defendant relies for removal of the action on plaintiff's "Inverse Condemnation" claim—one of eight claims alleged—which states in part that defendant's actions in entering the land and installing the drainage structure constitutes a taking, and that defendant's failure to provide compensation for the taking is a violation of the United States Constitution. Complaint ¶¶ 15-17.

## II.     DISCUSSION

### A.     Remand

It is well-established that, "out of respect for the limited jurisdiction of the federal courts and the rights of states," federal courts must construe strictly statutory procedures for removal, resolving any doubts against removability. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). After a case is removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where such jurisdiction is lacking, this Court "must remand a case to state court." *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003). When a party challenges removal, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court" and "must support [challenged] jurisdictional facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301, 305 (2d Cir. 1994) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

The federal takings claim alleged in the complaint provides the only basis for the Court's subject matter jurisdiction over this action.  If this claim is not ripe, then the Court loses its only basis for jurisdiction and the case must be remanded back to Connecticut Superior Court.  "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998); *see also Clark v. Town of E. Hampton*, 757 F. Supp. 2d 121, 123 (E.D.N.Y. 2010) ("Ripeness is an issue that goes to the issue of jurisdiction, and in its absence, there is no jurisdiction.").

The Supreme Court established a two-prong test to determine the ripeness of a takings claim.  *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).  "For the claim to be ripe, the plaintiff must show that (1) the state regulatory entity has rendered a 'final decision' on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure."  *Sherman v. Town of Chester*, 752 F.3d 554, 561 (2d Cir. 2014) (internal quotation marks omitted).  In this case, the first prong has not been satisfied, and therefore, the case must be remanded for lack of subject matter jurisdiction.

Defendant argues that *Williamson County* does not apply because the Supreme Court's ripeness test only applies to regulatory takings and the type of taking here was physical in nature.  The Second Circuit, however, has explicitly rejected defendant's theory, holding that "*Williamson* drew no distinction between physical and regulatory takings."  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir. 1995); *see also Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 513 (2d Cir. 2014) ("*Williamson County* applies to regulatory and physical takings alike"), *cert. denied*, 135 S. Ct. 1156 (2015).  Regardless of whether the alleged taking in this case is a regulatory taking or "the classic taking in which government directly appropriates

3

private property or ousts the owner from his domain," *Lingle*, 544 U.S. at 539 (2005), the *Williamson County* test must be satisfied.

The first prong of *Williamson County* requires that a federal court only hear "a claim that the application of government regulations effects a taking of a property interest" after "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cnty.*, 473 U.S. at 186. The Second Circuit has explained that "[f]our considerations . . . undergird prong-one ripeness." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2d Cir. 2005).

> First, . . . requiring a claimant to obtain a final decision from a local land use authority aids in the development of a full record. Second, and relatedly, only if a property owner has exhausted [all administrative] process will a court know precisely how a regulation will be applied to a particular parcel. Third, [the available appeals or other remedies] might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes. . . . Finally, since *Williamson County*, courts have recognized that federalism principles also buttress the finality requirement. Requiring a property owner to obtain a final, definitive position from [local] authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution.

*Id.* at 348-49 (internal citations omitted). "[T]he finality requirement is not mechanically applied," and involves "a fact-sensitive inquiry." *Id.* at 349, 350. "'[T]o prove that a final decision was indeed reached, the facts of the case must be clear, complete, and unambiguous.'" *Id.* at 350 (quoting *Hoehne v. Cnty. of San Benito*, 870 F.2d 529, 533 (9th Cir. 1989)).

Plaintiff asserts that it has made numerous requests to the City of Meriden, asking it to address in some manner the alleged taking at issue, as it has done for similarly-situated property owners, and that the City of Meriden has not yet delivered the answer it had allegedly told plaintiff it would provide. Defendant thus far has not disputed that it received these requests or that it promised plaintiff a decision. Instead, it seeks to argue that the installation of the structures a century ago constituted its relevant final decision, while at the same time denying

plaintiff's allegation it ever did so by its categorical denial of all allegations in the complaint. *See* Doc. No. 11, at 3.  Thus, information supporting a determination of *Williamson County* finality is far from "clear, complete, and unambiguous."

Before concluding its analysis of the finality prong, this Court must examine the impact of the recent Second Circuit decision that "the pleading of a physical taking sufficiently shows finality" and satisfies the first prong of *Williamson County*.  *Kurtz*, 758 F.3d at 513.  As previously noted, defendant has argued that plaintiff has alleged a physical takings claim. However, plaintiff counters that it has not alleged a physical takings claim.  Indeed, plaintiff titled the takings claim section of the complaint, "COUNT FOUR (Inverse Condemnation)." Courts in this jurisdiction have noted that a "regulatory taking [is] also known as inverse condemnation[.]"  *Miller v. Town of Westport*, 268 Conn. 207, 210 n.2 (2004) (quoting *Southview Associates, Ltd. v. Bongartz*, 980 F.2d 84, 93 n. 3 (2d Cir.1992), *cert. denied*, 507 U.S. 987 (1993)).

As discussed *supra*, any ambiguities regarding jurisdiction are to be resolved against removal and the burden is on the party asserting jurisdiction to establish challenged jurisdictional facts with competent proof and by a preponderance of the evidence.  *See also In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d 357, 366 (S.D.N.Y. 2003) ("uncertainties are to be resolved in favor of remand, in order to promote the goals of federalism, the limited jurisdiction of federal courts, and the right of plaintiffs to choose the forum in which to bring suit") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.").  Furthermore, for purposes of removal, "plaintiff's complaint controls."  *City of New York v. New York Jets Football Club, Inc.*, 429 F. Supp. 987, 990 n.4 (S.D.N.Y. 1977); *see also Herrmann v. Braniff Airways, Inc.*, 308 F. Supp.

5

1094, 1097-98 (S.D.N.Y. 1969) ("a determination [relevant to removal] is, of course, controlled by the plaintiff's pleading") (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951); *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939)).  In light of plaintiff's complaint and the well-established presumption against removal, the Court cannot conclude at this time that this alleged taking is "physical."  Thus, this aspect of the Second Circuit's decision in *Kurtz* is not implicated and remand is appropriate.

For the foregoing reasons, the Court finds that the first prong of the *Williamson County* test has not been satisfied.  Because the two prongs are independent, the Court need not reach the second prong.  The Court finds that it lacks subject matter jurisdiction over this action and remands it back to state court.

B.   **Attorneys' Fees and Costs**

The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Defendant had an objectively reasonable basis for seeking removal.  The application of the *Williamson County* ripeness test is a difficult task.  *See*, *e.g.*, J. David Breemer, *Ripeness Madness: The Expansion of Williamson County's Baseless "State Procedures" Takings Ripeness Requirement to Non-Takings Claims*, 41 Urb. Law. 615 (2009) ("As commentators have noted, this rule was doctrinally confused from the start.").  After the Second Circuit's decision in *Sherman*, 752 F.3d 554, issued just one month before the Notice of Removal was filed, defendant could have reasonably believed that the newly-elucidated standards for applying *Williamson County* would

enable this Court to find subject matter jurisdiction in this action. Therefore, fees and costs will not be awarded to plaintiff in connection with the removal and remand of this action.

## III.   CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [Doc. No. 16] is **GRANTED** and plaintiff's request for attorneys' fees and costs is **DENIED**.

**SO ORDERED** this 30th day of March, 2015.

    /s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE